```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JOHN HADDOCK,

                Plaintiff,                MEMORANDUM AND ORDER
                                            21-CV-2923 (KAM)
     -against-

NASSAU COUNTY COURT; NASSAU COUNTY
JAIL; SHERRIFF'S DEPARTMENT,

                Defendants.
----------------------------------x
```
MATSUMOTO, United States District Judge:

      On May 24, 2021, Plaintiff John Haddock, currently incarcerated at the Nassau County Jail, filed this *pro se* action pursuant to 42 U.S.C. § 1983. On July 21, 2021, Plaintiff filed an amended complaint. Plaintiff alleges that he was falsely arrested in April 2021 for failing to register as a sex offender and that he has been denied proper medical care while being held at the Nassau County Jail.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the amended complaint is dismissed, and Plaintiff is granted 30 days leave from the date of this Order to file a second amended complaint.

## BACKGROUND

      Plaintiff alleges that on an unspecified dated in April 2021, he was arrested at the Nassau County Court without an arrest

---

[1] The Court notes that Plaintiff has previously filed a similar action stemming from his October 2018 arrest for failing to register as a sex offender. *See Haddock v. Nassau Cnty. Ct.*, No. 19-CV-3227 (KAM) (dismissed on June 11, 2020, for failure to prosecute).

1

warrant for his failure to register as a sex offender. (ECF No. 6 ("Am. Compl.") at 3.)  Plaintiff claims that he is being falsely imprisoned, while also being denied treatment for prostate cancer, arthritis, and a lump on his head. (*Id.* at 4-5.)  Plaintiff seeks money damages. (*Id.* at 5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court is mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, a district court shall dismiss an *in forma pauperis*

action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

<u>Plaintiff Fails to Sue an Entity Amenable to Suit</u>

Plaintiff's claims against the Nassau County Court are barred by the Eleventh Amendment because the Unified Court System is an arm of the State of New York and immune from suit. *See, e.g.*, *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court system is unquestionably an 'arm of the state,' and is entitled to Eleventh Amendment sovereign immunity" (citation omitted)); *Leshore v. Comm'r of Long Beach P.D.*, No. 10-CV-6067, 2012 WL 1032643, at *4 n.2 (E.D.N.Y. Mar. 21, 2012) ("[A]s a part of the New York State Unified Court System, Eleventh Amendment immunity would also bar any claims against the Nassau County Court."). Therefore, Plaintiff's claims against the Nassau County Court must be and are dismissed.

Plaintiff's claims against the Nassau County Jail and the Nassau County Sheriff's Department are also barred. The Nassau County Jail and Nassau County Sherriff's Department do not have a legal identity separate and apart from Nassau County and thus cannot be sued. *See, e.g.*, *Perros v. County of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) ("Defendants Nassau County Police

3

Department and Nassau County Sheriff's Department are not suable entities."); *Morales v. Nassau Cnty. Dep't of Corr.*, No. 21-CV-2554, 2021 WL 4776632, at *3 (Oct. 13, 2021) (Nassau County Jail is not a suable entity); *Anderson v. County of Nassau*, No. 15-CV-5351, 2018 WL 1597399, at *8 (E.D.N.Y. Mar. 31, 2018) (Nassau County Sheriff's Department is not a suable entity).  Thus, Plaintiff's claims against the Nassau County Jail and the Nassau County Sheriff's Department must be and are dismissed.

<u>Plaintiff Fails to Plead Municipal Liability</u>

Liberally construed, Plaintiff also fails to state a claim against the municipality, Nassau County.  Municipal liability under Section 1983 is limited by *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978).  To successfully state a claim for municipal liability under *Monell*, a plaintiff must "make factual allegations that support a plausible inference that the [alleged] constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality."  *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (citing *Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir.

4

2012). Plaintiff does not allege any unconstitutional policy or custom attributable to Nassau County that would confer municipal liability. *See, e.g.*, *Jessup v. Nassau Cnty. Sheriff Dept.*, No. 20-CV-1113, 2020 WL 7711827, at *3 (E.D.N.Y. Dec. 29, 2020) (plaintiff failed to allege plausible *Monell* claim against Nassau County).

### CONCLUSION

Accordingly, Plaintiff's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is granted 30 days leave from the date of this Order to file a Second Amended Complaint, naming proper defendants. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000).

Plaintiff is directed that the Second Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims. Should plaintiff elect to file a Second Amended Complaint, he must allege facts that support the elements of a Section 1983 claim and identify the defendants who personally violated his constitutional rights while acting under color of state law. Plaintiff must identify the defendants in both the caption and the body of the Second Amended Complaint. If Plaintiff does not know the name of the individual(s), he may identify the individual(s) as John or Jane Doe and provide descriptive

information about the individual and his or her place of employment. Plaintiff must also provide the dates and locations for each relevant event.

Plaintiff is cautioned that the Second Amended Complaint may not name and reallege claims against the Nassau County Court, the Nassau County Jail, or the Nassau County Sheriff's Department for the reasons discussed in this Order.

Plaintiff is advised that an amended complaint does not simply add to the prior complaint. Once an amended complaint is filed, it completely replaces the complaint filed before it. The Second Amended Complaint must be captioned as a "Second Amended Complaint" and bear the same docket number as this Order: 2:21-CV-2923 (KAM).

No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. If Plaintiff fails to comply with this Order within the time allowed, or cure the deficiencies discussed herein, judgment shall enter dismissing the action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order and a prisoner civil rights complaint to Plaintiff and note service on the docket.

SO ORDERED.

/s/ Kiyo A. Matsumoto
KIYO A. MATSUMOTO
United States District Judge

Dated: December 15, 2021
       Brooklyn, New York